IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NAKIA WILLIAMS,                                                    PLAINTIFF,

VS.                                                    CIVIL ACTION NO. 4:06CV188-P-S

DAIMLER CHRYSLER CORPORATION and
TRW-OCCUPANT RESTRAINT SYSTEMS/
MESA,                                                                    DEFENDANTS.

## MEMORANDUM OPINION

These matters come before the court upon Defendant TRW-Occupant Restraint Systems/Mesa's motion for summary judgment [90] and Defendant Daimler Chrysler Corporation's joinder therein and separate motion for summary judgment [92]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

This product liability action arose from a head-on collision that occurred on U.S. Highway 61 near Hollandale, Mississippi on September 24, 2004. Nakia Williams was driving a 2000 Dodge Stratus northbound on the two-lane highway and, when she attempted to pass an eighteen wheeler, she collided with an on-coming 1998 Lexus LS400. Each was driving approximately 55 miles per hour. The front of Williams' vehicle was crushed and she was pinned between the steering wheel and her seat until bystanders extricated her shortly before her vehicle caught on fire.

On September 11, 2006 Williams filed a products liability lawsuit against Daimler Chrysler Corporation ("Chrysler") and TRW-Occupant Restraint Systems/Mesa ("TRW") in the Circuit Court of Washington County, Mississippi. The Complaint alleges that the airbag was defective, there were inadequate warnings regarding the airbag, and that the 2000 Stratus was not crashworthy because

1

it caught on fire. The Complaint levies the following causes of action: (1) negligence; (2) products liability; (3) violation of consumer protection act; (4) gross negligence; (5) intentional tort / conduct; and (6) breach of contract.

On November 8, 2006 the defendants removed the action to federal court citing federal diversity jurisdiction.

Both defendants have moved for summary judgment, arguing that the plaintiff can demonstrate no genuine issue of material fact warranting a trial on any of her claims.

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and

on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d 1026, 1031 (5th Cir. 1982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*. at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*. at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue

must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**B. Analysis**

On July 18, 2008 the court entered an Opinion and Order granting the defendants' motions to exclude the testimony of plaintiff experts, Brian Smith, Ph.D. and Douglas Van Sweden. Dr. Smith was to opine regarding the alleged defective nature of the subject air bag, the inadequacy of the warnings regarding the air bag, and the improper ergonomics of the passenger compartment. Mr. Van Sweden was to opine that the subject fire was caused by a defective power steering hose that was the subject of a recall.

In her multiple responses to the motions for summary judgment, the plaintiff relies solely on her expert testimony to attempt to create a genuine issue of material fact. Since the court has excluded the testimony of both of the plaintiff's experts, she will be unable to demonstrate a genuine issue of material fact warranting a trial on essentially all of her claims.

With regard to her claim for "intentional tort/conduct," the plaintiff does not specify which intentional tort claim she wishes to pursue. Nevertheless, there is a one-year statute of limitations period for intentional torts pursuant to Miss. Code Ann. § 15-1-35. The subject collision occurred on September 24, 2004. The Complaint was filed almost two years later on September 14, 2006. Therefore, this claim is barred by the statute of limitations.

The Complaint alleges a claim for "Violation of Consumer Protection Act." The plaintiff has not demonstrated that there is such an act in Mississippi. Therefore, this claim fails as a matter of law.

As to her breach of contract claim, the plaintiff does not allege or demonstrate that the

plaintiff ever entered into an express contract with either defendant. In the event the plaintiff meant to allege that one or both of the defendants breached an implied warranty with regard to the subject vehicle, the plaintiff has no evidence in this regard, especially with the exclusion of her experts.

Regarding the plaintiff's negligence and gross negligence claims, Miss. Code Ann. § 11-1-63 provides in its first sentence that the Mississippi Products Liability Act applies to "any action for damages caused by a product except for commercial damage to the product itself." The defendants argue that this sentence stands for the proposition that the MPLA is the only statutory vehicle through which one can pursue a product liability claim, thereby excluding a negligence theory. The Mississippi Supreme Court in *Estate of Hunter v. General Motors Corporation*, 729 So.2d 1264, 1278 (Miss. 1999) wrote that "[i]n a products liability action against a manufacturer, based upon defective design, the jury need only be instructed on a single unified theory of negligent design." However, this is not tantamount to saying that negligence claims are barred if a plaintiff is also seeking recovery under the MPLA. This court has previously ruled as such in *Childs v. General Motors Corporation*, 73 F.Supp.2d 669, 672 (N.D.Miss. 1999). Nevertheless, the plaintiff has not demonstrated a genuine issue of material fact regarding her negligence and gross negligence claims because, without her experts, she has not established sufficient facts to support a finding of a breach of any duty of the defendants or any willful or wanton conduct on their part.

Similarly, the plaintiff's claims under the MPLA, Miss. Code Ann. § 11-1-63 fail as a matter of law because, with the exclusion of her experts, she has insufficient evidence to create a genuine issue of material fact as to her defective design, defective manufacturer, and failure to warn claims.

### III. CONCLUSION

For the reasons discussed above, Defendant TRW-Occupant Restraint Systems/Mesa's

motion for summary judgment [90] and Defendant Daimler Chrysler Corporation's joinder therein and separate motion for summary judgment [92] should be granted. Therefore, all of the plaintiff's claims should be dismissed with prejudice. Accordingly, a Final Judgment shall issue forthwith, **THIS DAY** of July 18, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE